UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.    Case No. 3:19-CR-41 JD

MARVIN L BISHOP II

**OPINION AND ORDER**

Defendant Marvin Bishop pled guilty to violating 18 U.S.C. § 2251(a), production of child pornography. In his plea agreement, Mr. Bishop admitted to sending a video he filmed containing child pornography over the internet to an undercover police officer. [DE 2]. The Court accepted Mr. Bishop's plea of guilty, accepted his plea agreement, and found him guilty of this count on July 3, 2019. [DE 10]. On November 13, 2019, the Court sentenced him to 324 months of imprisonment, at the low end of the advisory guideline range, to be followed by five years of supervised release. [DE 31, 34]. Mr. Bishop did not appeal.

Now proceeding *pro se*, Mr. Bishop filed a motion under 28 U.S.C. § 2255, raising three claims: 1) ineffective assistance of counsel at sentencing, 2) the interviewing officer told him if he would admit to the crime he would only serve a few years and the officers played "good cop/bad cop," and 3) when communicating with the undercover officer the officer denied being a member of law enforcement and because the depictions were transmitted within state. [DE 42]. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Pursuant to Rule 2(b), a motion under section 2255 must:

(1) specify all the grounds for relief available to the moving party;

> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

Here, it plainly appears from the motion and the record of prior proceedings that Mr. Bishop is not entitled to relief on his claims, so the Court will dismiss his petition.

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the deficiencies in his counsel's performance, meaning that there is a reasonable probability that the results of his sentencing hearing would have been different with effective representation. *Strickland v. Washington*, 466 U.S. 687 (1984); *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005). Mr. Bishop asserts that he "raised several questions to [his] lawyer and he didn't ask the judge nor did he object to evidence presented on the day of Court." [DE 42 at 4]. However, he failed to explain how this establishes his counsel's performance was deficient nor did he assert how these alleged deficiencies prejudiced his sentence. Mr. Bishop did not specify what questions he told his counsel to raise with the Court. He also fails to detail *what* evidence he believes his counsel should have objected to during his sentencing hearing and why an objection was warranted. Lastly, he does not provide any reason why he believes his sentencing would have been different had his counsel done as he suggests. Therefore, he cannot demonstrate how his counsel's purported failures here impacted his sentence. Because of this, Mr. Bishop has failed to demonstrate his counsel's performance was deficient nor prejudicial under *Strickland*.

Mr. Bishop asserts other grounds for relief with little or no explanation. He stated that "the officer told [him] if [he'd] admit to the crime [he] would only have to serve a few years. Also, [the] officers play good cop/bad cop with [him]." [DE 42 at 5]. Next, he asserted he was

"convicted on a charge where what [he] sent stayed in state." *Id.* at 7. He goes on to provide "supporting facts" that "it clearly shows that the photo and video [he] sent to the officer was in state" and he "had also asked the officer if he was [an] officer and he said no." *Id.* However, Mr. Bishop's claims are procedurally defaulted for two reasons. First, Mr. Bishop did not appeal his conviction or sentencing and therefore cannot raise these claims for the first time in this petition. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal."). In order to raise these claims under § 2255, Mr. Bishop would have to show cause and prejudice for the default. *Id.* "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause" for excusing procedural default. *Conley v. United States*, 5 F.4th 781, 799 (7th Cir. 2021) (quoting *Murray v. Carrier*, 477 U.S. 478, 488(1986). While there is no procedural default for failing to raise an ineffective assistance claim on direct appeal, the Court has already found that Mr. Bishop has not established grounds for such a claim. *See Massaro v. United States*, 538 U.S. 500, 509 (2003). Absent both cause and prejudice, procedural default will only be excused if the defendant can demonstrate he is "actually innocent" of the offenses to which he was convicted. *Id.* However, Mr. Bishop has presented no grounds that might show cause for his default nor has he shown prejudice. Nor has Mr. Bishop made any claim in his motion that he is actually innocent of the offense of conviction to which he pled guilty. As to his third claim, in his plea agreement Mr. Bishop acknowledged that his use of the internet to send the video was a means or facility of interstate or foreign commerce. [DE 2 at 4].

Second, Mr. Bishop's petition, except as to the claim of ineffective assistance, is barred by the waiver of post-conviction proceedings in his plea agreement, which contained the following provision, in part:

> **With this understand and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18 United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.**

[DE 2 at 4–5] (emphasis in original). The terms of this provision plainly encompass much of the present motion, in which Mr. Bishop seeks to contest his sentence in a post-conviction proceeding under § 2255. In the Seventh Circuit, plea agreements that contain waivers of collateral review are generally enforceable. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[W]aivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); *see also United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016) ("Generally speaking, appeal waivers are enforceable and preclude appellate review."). Mr. Bishop has not contested the negotiations of this waiver and therefore, the claims challenging the grounds for his conviction and sentence, except again as to ineffective assistance of counsel, have been waived and are barred by the waiver.

Lastly, Section 2255 contains a one-year statute of limitations that runs from any of several different dates. 28 U.S.C. § 2255(f). The first of those is "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). Judgment was entered on Mr. Bishop's convictions on November 14, 2019,[1] and his convictions became final fourteen days later when

---

[1] The judgment was amended on December 17, 2019 to change the recipient of the restitution payments. [DE 37].

the deadline to appeal passed without action. [DE 34]. Thus, Mr. Bishop had until November 16, 2020 to file his motion under this deadline, but he did not do so until July 4, 2021, making his motion about eight months too late. Mr. Bishop asserts the untimeliness of his petition was due to the "COVID-19 shut down" and his "lawyer not informing" him. The Court can equitably toll a petitioner's statute of limitations if a petitioner shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id.* Here, however, Mr. Bishop has not shown that the COVID-19 pandemic and the restricted access to legal materials prevented him from timely filing his motion. COVID-19 lockdowns and related restrictions did not begin until March 2020. By this time, Mr. Bishop was well aware of all the facts surrounding the claims he set forth in his motion. Further, he has not provided any information regarding how his counsel failed to "inform him" or how he diligently pursued his rights. Therefore, the Court does not find that equitable tolling is warranted here. *See Turner v. United States*, 2021 WL 796135, at *3 (C.D. Ill. Mar. 2, 2021). However, while the Court finds Mr. Bishop's motion untimely, even if it were timely, the Court would still dismiss the motion as explained above.

      For these reasons, the Court finds that it plainly appears that Mr. Bishop is not entitled to relief under 28 U.S.C. § 2255, so the Court **DISMISSES** his motion [DE 42] and directs the Clerk to enter judgment accordingly. For the same reasons, the Court **DENIES** the issuance of a certificate of appealability, as the claim is not sufficient to deserve encouragement to proceed further and its resolution is not debatable. The Court advises Mr. Bishop that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of

appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Bishop that any notice of appeal must be filed within 60 days after judgment is entered on this motion. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

    SO ORDERED.

    ENTERED: September 7, 2021

                                                  /s/ JON E. DEGUILIO
                                                  Chief Judge
                                                  United States District Court